# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 20-51** |
| | ) | |
| DAVID LOVEINGS | ) | |

## OPINION and ORDER ON MOTION AND SUPPLEMENTAL MOTIONS FOR RECONSIDERATION OF ORDER OF DETENTION

Presently before the court are Defendant David Loveings' Motion for Reconsideration of Order of Detention, ECF No. 62, Supplemental Motion for Reconsideration of Order of Detention, ECF No. 65, and Second Supplemental Motion for Reconsideration of Order of Detention, ECF No. 71. The Government opposes Defendant's motion. ECF No. 72. For the reasons set forth below, Defendant's Motion and Supplemental Motions seeking release from detention will be denied.

In his initial Motion, Defendant sought release from detention on home confinement at his cousin's house, citing the weakness of the evidence against him. In his first Supplemental Motion, he cites the risk of contracting COVID-19 at the Allegheny County Jail as an additional reason justifying his release. In his Second Supplemental Motion, he points out that the Probation Officer does not address the risk Defendant faces from contracting COVID 19. Defendant also notes that as a 67-year old he is at a greater risk of serious adverse health consequences if he does contract COVID-19. Defendant further notes that the Probation Officer did not address the risk, or lack thereof, the Defendant poses to the community. Finally, he maintains that his Speedy Trial rights have already been violated as and additional reason justifying his pretrial release. Defense counsel also updates his efforts at obtaining a suitable residence for Defendant, stating that thus far he has been unsuccessful in finding a confirmed

residence for the Defendant, although he is continuing his efforts. He further states that Defendant himself is reaching out to Veteran's groups in hopes of obtaining suitable housing.

Defendant is charged in Count 1 of the Indictment with conspiracy to possess with intent to distribute and distribution over 28 grams or more of crack cocaine in violation of 21 U.S.C. § 846, from on or about July 2019 to October 2019. ECF No. 47. On December 16, 2019, a detention hearing was held before Chief Magistrate Judge Cynthia Reed Eddy. ECF No. 39. After hearing evidence and argument, Magistrate Judge Eddy ordered Defendant detained, finding that Defendant had not overcome the presumption of detention and finding by clear and convincing evidence that that there were no condition or combination of conditions that would assure the safety of the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant. Order of Detention Pending Trial, ECF No. 40; unofficial audio transcript of Dec. 16, 2019 Detention hearing (provided to the Court and counsel).

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*, certain cases, such as the instant case, raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). A defendant may rebut the presumption of detention by producing "some credible evidence . . . that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light. United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (citation omitted). If the defendant rebuts the presumption, the government bears the burden of proving that defendant presents either a risk of flight or a danger to the community. Id. Specifically, the government must prove by a preponderance of the evidence that the defendant

is a flight risk and that no condition or combination of conditions will assure his appearance at trial. United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986). In addition, the government has the burden to prove by clear and convincing evidence that the defendant is a danger to the safety of any other person or the community. United States v. Delker, 757 F.2d 1390, 1399 (3d Cir. 1985).

This Court exercises *de novo* review over the detention order entered by the Magistrate Judge. Id. at 1394-95. *De novo* review does not require an additional or independent evidentiary hearing by the District Court. Chagra, 850 F. Supp. at 357; United States v. Burks, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) ("*De Novo* review does not require a *de novo* evidentiary hearing"). The Court may also consider any additional evidence submitted in connection with the motion. United States v. Turner, 08cr0323, 2008 WL 4186212, at *1 (W.D. Pa. Sept. 5, 2008). The Court has considered the Defendant's Motion for Reconsideration of Order of Detention, ECF No. 62, his Supplemental Motions, ECF Nos. 65 & 71, the unofficial audio transcript of the December 16, 2019 Detention hearing, the parties' pleadings, and the Pretrial Services Report, and finds no need for a *de novo* hearing

The Court agrees with Judge Eddy's determination that the Defendant did not introduce sufficient evidence to rebut the applicable presumption that there are no conditions or combination of conditions that will reasonably assure the safety of the community or ensure the appearance of the Defendant. ECF No. 40, at 2. In particular, Judge Eddy noted that the weight of the evidence against Defendant is strong and that he is subject to a lengthy period of incarceration if convicted. Id. In reaching her decision, Judge Eddy also noted Defendant's prior criminal history, his history of violence, use of weapons, and his history of substance abuse. Id. With regard to assurances that Defendant will appear, Judge Eddy noted his lack of

stable employment, lack of stable residence, lack of significant community or family ties, and a prior attempt to evade law enforcement. Id. at 2-3.

With respect to a suitable residence, Defendant initially suggested that he could continue to reside at his cousin's home, where he was staying when he was arrested. However, Pretrial Services reported that the cousin had concerns about Defendant residing with him involving the cousin's minor daughter, apparently indicating that the minor daughter would at times be present at the residence, In addition, the cousin was concerned that the Defendant was not named on the lease. A review of the audio of the Detention hearing reveals that Defense counsel informed Judge Eddy that the parties could not come to an agreement on home detention. In his Motion, Defendant asserts that he is now willing to agree to house arrest. However, at the Detention hearing, the government explained that the Probation Office was not recommending house arrest, and noted that, in any event, there were concerns about where Defendant would reside if he was released. As noted, Defendant admits that he presently has no place to reside if released on home detention. Under these circumstances, the Court concludes that the Order of Detention shall remain in place.

The Court further finds that even if Defendant's cousin was willing to act as a custodian of Defendant, or if another suitable residence was obtained, that under all the circumstances, release is still not warranted as the evidence in favor of detention would not be rebutted. As to the strength of the evidence against Defendant, the only issue he raises it that it is not clear that he is the person referred to as "Uncle Dave" that the government alleges, and as was discovered during the investigation. Such speculation, in the face of the totality of evidence presented to the Grand Jury who chose to indict Defendant, is insufficient to grant release. Finally, with regard to Defendant's position that his Speedy Trial rights have been violated, it appears that he is

referring to the delay from the time of filing of the Complaint, to the filing of the Indictment. A review of the docket sheet with respect to the filing of an Indictment, and considering the applicable Federal Rules of Criminal Procedure, reveals that it is unlikely that Defendant would succeed on a motion to dismiss the indictment based on a violation of the Speedy trial Act.[1] Therefore, for all of the above reasons the order of Detention shall remain in place.

Turning to Defendant's request for release based on the risk of exposure to COVID-19 at the Allegheny County Jail, the relief he seeks falls under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***" 18 U.S.C. § 3142(i) (emphasis added). The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i), and the Court is able to resolve the motion without a hearing or oral argument.

Defendant contends that as an inmate at the Allegheny County Jail, he is at much graver risk of contracting COVID-19 than if released to home confinement. Defendant also contends that he is particularly vulnerable because of his age, 67. He did not present any evidence of a separate personal health condition that would make him uniquely susceptible to COVID-19. Defendant notes that the Probation Officer did not address the COVID-19 issue,

---

[1] Defendant has separately filed a *pro se* Motion requesting a hearing, in which he refers to his Speedy Trial rights. ECF No. 69. Defendant is represented by counsel in these proceedings. This is Defendant's second *pro se* motion filed while represented by counsel. See ECF No. 59 & ECF No. 61 (Order denying Motion). The Court reminds Defendant he has "no right to 'hybrid representation'", meaning that he is not permitted to make arguments and file motions both through himself and through counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). The Court will address Defendant's concerns about his representation by counsel, if any, at the status conference set for April 28, 2020.

however, the Probation Officer is not a health expert.  Defendant also did not address the "safety of the community" concerns, other than the above references to his criminal history.

The Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the Allegheny County Jail.  Unfortunately, that potential exists anywhere in the community.  As explained in detail by the government in its response, the Allegheny County Jail, along with this Court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the Jail.  As of the date of this opinion and order, the COVID-19 virus has not been detected at the Allegheny County Jail.  While the Court is sympathetic to Defendant's medical concerns and claims regarding possible complications caused by the COVID-19 virus for someone of his age, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release.  In other words, Defendant's current arguments for release do not outweigh the factors considered by the Magistrate Judge in ordering his detention.

To address general concerns about counsel being able to communicate with Defendant, the court is confident that Allegheny County Jail officials will respect the privileged nature of attorney-client telephone calls.  In addition, written correspondence is also a viable method of communication.  As explained by the government, the Allegheny County Jail offers confidential video conferencing for inmates and their attorneys.  The effort by the Jail now includes nine rooms dedicated to video conferencing, and the Jail has allocated three officials to assist with said conferencing.  These forms of communication are sufficient given that pretrial motions are not due until April 27, 2020, and the United States District Court for the Western District of Pennsylvania has already stated that "the period of time from March 13, 2020 to April 27, 2020

is considered to be excluded time in *all* criminal proceedings in this Court pursuant to U.S.C. § 3161(h)(7)(A)." *See* Misc. No. 2:20-mc-394-MRH. If requested, the Court will consider granting an additional extension of time for Defendant's pretrial motions in light of the practical difficulties caused by the pandemic.

The Court concludes that the Order detaining Defendant remains appropriate. Temporary release of David Loveings is not warranted.

AND NOW, this 30th day of March, 2020, it is HEREBY ORDERED that Defendant's Motion for Reconsideration of Order of Detention, ECF No. 62, Supplemental Motion for Reconsideration of Order of Detention, ECF No. 65, and Second Supplemental Motion for Reconsideration of Order of Detention, ECF No. 71, are DENIED.

BY THE COURT:

Marilyn J. Horan
United States District Judge